

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 6366 | DATE | MARCH 15, 2001 |
| CASE TITLE | ALBERT BROWN v. CHICAGO BOARD OF EDUCATION | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss [8-1] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the U.S. Court of Appeals for the Seventh Circuit with the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn Street, 20th Floor, Chicago, IL 60604, within thirty (30) days of the entry of the judgment in this case.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 1 6 2001 date docketed | 13 |
| | Docketing to mail notices. | | | |
| ✓ | AO 450 form mailed by judge's staff. | FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 MAR 15 PM 5:49 | March 15, 2001 date mailed notice | |
| CW | courtroom deputy's initials | | MQM | |
| | | Date/time received in central Clerk's Office | mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALBERT BROWN,                      )
                                   )
            Plaintiff,             )
                                   )
       v.                          )    No. 00 C 6366
                                   )
CHICAGO BOARD OF EDUCATION,        )
                                   )
            Defendant.             )

DOCKETED
MAR 1 6 2001

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Albert Brown alleges that defendant Chicago Board of Education[1] discriminated against him by failing to promote him and by terminating his employment. He alleges the discrimination was because of his age, color, and race. Plaintiff's complaint is stated on this court's form discrimination complaint. He checked boxes that his claims are pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981; and 42 U.S.C. § 1983. Presently pending is defendant's motion to dismiss.

---

[1] The correct name of defendant apparently is the Chicago School Reform Board of Trustees. Defendant does not complain that it has been misnamed.

On defendant's Rule 12(b)(6) motion to dismiss, plaintiff's well-pleaded allegations of fact are to be taken as true and all reasonable inferences are drawn in plaintiff's favor. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Swofford v. Mandrell, 969 F.2d 547, 549 (7th Cir. 1992). A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a); Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996). A plaintiff in a suit in federal court need not plead facts; conclusions may be pleaded as long as the defendant has at least minimal notice of the claim. Fed. R. Civ. P. 8(a)(2); Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995). It is unnecessary to specifically identify the legal basis for a claim as long as the facts alleged would support relief. Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992). Because plaintiff is proceeding pro se, his complaint must be construed liberally with plaintiff being held to less stringent standards than those applied to complaints drafted by attorneys. Swofford, 969 F.2d at 549. Additionally, consideration is not limited to the complaint; allegations contained in other court filings, such as plaintiff's answer to the motion to dismiss, must be considered as well. Id. It is also true, however, that a plaintiff can

plead himself out of court by alleging facts showing no viable claim. Jackson, 66 F.3d at 153-54; Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 511 U.S. 1085 (1994); Early v. Bankers Life & Casualty Co., 959 F.2d 75, 79 (7th Cir. 1992). While compliance with a statute of limitations need not be pleaded in the complaint, the timeliness of a claim can be raised on a motion to dismiss if the plaintiff has pleaded facts showing that the claim is untimely. See Tregenza, 12 F.3d at 718; Early, 959 F.2d at 79; United States ex rel. Bidani v. Lewis, 1999 WL 163053 *4 (N.D. Ill. March 12, 1999).

Since it is a municipal entity, defendant can only be liable on the § 1981 and § 1983 claims if its conduct was pursuant to a municipal policy or custom or the decision of a policymaker. McCormick v. City of Chicago, 230 F.3d 319, 324 (7th Cir. 2000); Mohr v. Chicago School Reform Board of Trustees, 99 F. Supp. 2d 934, 939 (N.D. Ill. 2000); Thompson v. Chicago School Reform Board of Trustees, 1999 WL 258488 *5 (N.D. Ill. April 13, 1999). Plaintiff's complaint, supplement to his complaint, and answer to the motion to dismiss have all been considered. The latter two documents were filed after defendant clearly raised the issue of failure to allege a municipal policy or custom. None of the documents contain allegations of acts of discrimination except against plaintiff himself. Also, plaintiff

does not allege that a policymaking official made the decision to terminate him or deny his promotion. Therefore, plaintiff fails to allege grounds for relief pursuant to § 1981 or § 1983.

As to the ADEA and Title VII claims, defendant contends they are untimely because the present lawsuit was not filed until more than 90 days after plaintiff's receipt of his notice of right to sue. Plaintiff expressly alleges that he received his notice of right to sue on July 5, 2000. Ninety days later was Tuesday, October 3, 2000. The present lawsuit was filed on October 13, 2000. Under both the ADEA and Title VII, suit must be brought within 90 days of the receipt of the notice of right to sue. 29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 2000e-5(f)(1) (Title VII); Williams-Guice v. Board of Education of City of Chicago, 45 F.3d 161, 162 (7th Cir. 1995) (Title VII); Konewko v. Village of Westchester, 2000 WL 1038125 *4 (N.D. Ill. July 25, 2000) (ADEA). According to the allegations of the complaint (which plaintiff does not seek to modify in response to the motion to dismiss), plaintiff brought suit more than 90 days after receiving his notice of right to sue. Therefore, his ADEA and Title VII claims will also be dismissed.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [8-1] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice. If

plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: MARCH 15, 2001